UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC.,<br><br>    Plaintiff,<br><br>      v.<br><br>NATERA, INC.,<br><br>    Defendant. | Case No. 18-cv-01662-SI<br><br>**ORDER DENYING MOTION TO STAY**<br>Re: Dkt. No. 45 |

Defendant Natera has filed a motion to stay the case or, in the alternative, to limit proceedings. Dkt. No. 45, Mot. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for August 3, 2018. For the reasons set out below, the Court DENIES defendant's motion to stay.

**LEGAL STANDARD**

Courts have inherent power to manage their dockets, including the discretion to grant a stay pending concurrent proceedings before the Patent and Trademark Office ("PTO"). *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *see also Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 13-CV-04206-EJD, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014). Courts traditionally consider three factors in determining whether to stay a case pending the conclusion of IPR proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal.

2006) (citation omitted); *see also Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C-14-1575 EMC, 2014 WL 3107447, at *3 (N.D. Cal. July 3, 2014).

**DISCUSSION**

The Court finds the early stage of this litigation weighs in favor of a stay. There are no immediately pressing deadlines or trial dates. The Court has only recently decided Natera's motion to dismiss, and the parties have just begun to exchange discovery. Moreover, the parties are only "about to embark upon claim construction briefing," with a claim construction hearing set for January 2019. *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014); Dkt. No. 42 at 2.

In addition, the Court does not find there are any specific examples of prejudice sufficient to establish undue prejudice. Natera filed its IPR petition early in the pending litigation, before Illumina served its infringement contentions. *See* Opp'n at 6. "Delay alone, without specific examples of prejudice resulting therefrom, is insufficient to establish *undue* prejudice." *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013).

The Court believes that IPR proceedings, if granted, could ultimately simplify the issues in this case and serve the goal of advancing judicial efficiency. At this point, however, it is not clear whether the PTAB will institute an IPR. The Court will "address this uncertainty by waiting to rule on the [merits of the] stay motion until after the PTAB acts on the petition[]." *Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-cv-00570-BLF, 2015 WL 1737920, at *3 (N.D. Cal. Apr. 9, 2015). Accordingly, defendant's motion is DENIED as premature. In the event the PTAB institutes IPR proceedings, defendant may renew its motion with the Court.

Natera also argues that, in the alternative, the Court should limit the proceedings to the specific, dispositive inventive concept question addressed in the Court's June 28, 2018 Order. *See* Mot. at 14-15. "Whether and, if so, how to bifurcate trials is a matter left to the sound discretion of the district court." *Datel Holdings LTD. v. Microsoft Corp.*, No. C-09-05535 EDL, 2010 WL 3910344, at *2 (N.D. Cal. Oct. 4, 2010) (citing *Shum v. Intel Corp.*, 499 F.3d 1272, 1276 (Fed.

Cir. 2007); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir.1982)). The relevant factors "include complexity of issues, factual proof, risk of jury confusion, difference between the separated issues, the chance that separation will lead to economy in discovery, and the possibility that the first trial may be dispositive of the case." *Tessera, Inc. v. Advanced Micro Devices, Inc.*, No. C 05-04063-CW, 2013 WL 6073889, at *2 (N.D. Cal. Nov. 13, 2013) (citing *Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 866 (C.D. Cal. 1994)).

The chance that bifurcation will lead to economy in discovery is entirely speculative. Speculative outcomes are not sufficient to justify bifurcation. *See SenoRx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 570 (D. Del. 2013). In addition, when there is overlap between issues, a court will typically not grant bifurcation. *Datel Holdings*, 2010 WL 3910344, at *5 ("because there may be at least some overlap in factual and legal issues between the DMCA claim and the antitrust claim, bifurcation is not appropriate"). In the instant case, although the section 101 issue is legally separate from other invalidity issues, there may be overlap in the facts and claim construction. Consequently, the Court denies Natera's request to limit the proceedings.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to stay, without prejudice to renewal should the PTAB institute IPR proceedings.

**IT IS SO ORDERED**.

Dated: July 31, 2018

SUSAN ILLSTON
United States District Judge

3