Tracey B. Davies (pro hac vice)
*tdavies@gibsondunn.com*
Mark Reiter (pro hac vice)
*mreiter@gibsondunn.com*
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for *Defendant/Counterclaim-Plaintiff NATERA, INC.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ILLUMINA, INC.,

Plaintiff/Counterclaim-Defendant,

v.

NATERA, INC.,

Defendant/Counterclaim-Plaintiff.

CASE NO. 3:18-CV-01662-SI

**NATERA, INC.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

Hearing Date: April 5, 2019
Hearing Time: 9:00 a.m.
Courtroom: Courtroom 1, 17th Floor
Judge: Hon. Susan Illston

**NOTICE OF MOTION AND MOTION**

In accordance with Local Rule 7-2, Defendant Natera, Inc. ("Natera") hereby provides notice of its Motion for Leave to Amend Infringement Contentions. A hearing on this motion is set for April 5, 2019 at 9:00 a.m. in Courtroom 1 on the 17th Floor of the San Francisco Courthouse: 450 Golden Gate Avenue, San Francisco, California 94102.

Pursuant to Patent L.R. 3-6, Defendant/Counterclaim-Plaintiff Natera, Inc. ("Natera") respectfully moves for leave to amend its infringement contentions. Natera has good cause to amend.

**CONTENTS**

I. Introduction .......... 1
II. Background .......... 2
III. Legal Standards .......... 4
IV. Argument .......... 4
A. There is Good Cause to Amend Natera's Contentions .......... 4
B. There is No Undue Prejudice to Illumina .......... 6
IV. Conclusion .......... 6

## I. INTRODUCTION

Pursuant to Patent L.R. 3-6, Natera hereby moves for leave to amend its infringement contentions. Specifically, Patent L.R. 3-6 provides that "a claim construction by the Court different from that proposed by the party seeking amendment" may constitute "good cause" to amend contentions. *See also Personalweb Techs., LLC v. Github, Inc.*, No. 5-16-CV-01267-EJD-HRL, 2016 WL 3519292, at *2 (N.D. Cal. June 28, 2016). Courts have also held that good cause exists to amend infringement contentions based on information learned from the opposing party's subsequent document productions. *See, e.g.*, *Delphix Corp. v. Actifio, Inc.*, No. 13CV04613BLFHRL, 2015 WL 5693722, at *2 (N.D. Cal. Sept. 29, 2015); *Radware, Ltd v. A10 Networks, Inc.*, No. C13-02021, 2014 WL 1350230, at *3 (N.D. Cal. Apr. 4, 2014).

Here, good cause exists because (1) the Court issued claim constructions that departed from those proposed by Natera (Dkt. 81), and (2) after Natera filed its initial infringement contentions, Plaintiff/Counterclaim-Defendant Illumina, Inc. ("Illumina") produced over 5000 pages of documents regarding the operation of Illumina's accused products. Following these events, Natera diligently sought to amend its infringement contentions, and promptly served its proposed amended contentions (Ex. 1) on Illumina on February 23, 2019. Ex. 5. With the close of fact discovery over five months away, Illumina will suffer no prejudice from Natera's narrowly tailored amendments. Illumina has not indicated whether or not it will oppose this motion.[1]

## II. BACKGROUND

On August 24, 2018, Natera served its initial infringement contentions on Illumina. Pursuant to Patent L.R. 3-1(c), Natera identified Illumina's Verifi®, Verii® Plus, VeriSeq™ NIPT, and VeriSeq™ PGS tests (collectively, the "Accused Illumina Tests") as those infringing Natera's U.S. Patent No. 8,682,592 ("the '592 patent"). Because Illumina had produced only a limited number of

[1] Illumina stated that it would not oppose Natera's motion for leave to serve its amended infringement contentions if Natera would not oppose service of Illumina's amended contentions. After stating on February 27 that it would provide its amended contentions "shortly," Illumina served its amended contentions on March 5 at 11:03 pm. Natera did not and does not agree to the service of Illumina's amended contentions as there is no good cause for Illumina's amendments, and Illumina has not indicated whether it will oppose service of Natera's contentions in the absence of Natera's agreement. *See infra* Section II.

documents at that time, Natera provided support for its infringement contentions from publicly available documents. Following service of Natera's initial infringement contentions, Patent L.R. 3-4(a) required Illumina to produce "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of [the Accused Illumina Tests] identified by [Natera] in its Patent L.R. 3-1(c) chart[s]" with its invalidity contentions. Illumina served its Preliminary Invalidity Contentions on October 9, 2018, and its Amended Invalidity Contentions of October 30, 2019, and produced certain documents, largely publicly available protocols, pursuant to Patent L.R. 3-4(a).

On November 16, 2018, Natera sent a letter to Illumina, explaining that the documents that Illumina produced were insufficient to show the operation of the aspects or elements of the Accused Illumina Tests identified by Natera in its Patent L.R. 3-1(c) infringement claim charts. Ex. 2 (11/16/18 Ltr. From A. Brody to D. Walter); Declaration of C. Ranney ISO Natera's Motion to Amend ("Ranney Decl.") ¶ 11. Natera therefore requested that Illumina supplement its production under Patent L.R. 3-4(a) by no later than December 7, 2018. Ex. 2.

On a December 6, 2018 meet and confer call, Illumina did not dispute that its production was deficient, and advised that it would supplement its production the following week. Ex. 3 (12/20/2018 Email from J. Chung to A. Branch); Ranney Decl. ¶ 12. Illumina served a supplemental production on December 18, 2018. Ranney Decl. ¶ 13. On December 20, 2018, Natera informed Illumina that its supplemental production did not provide the specific information Natera requested in its November 16, 2018 letter. Ex. 3; Ranney Decl. ¶ 14. On February 2, 2019, Natera wrote to Illumina stating that "Illumina still has not provided documents and information regarding operation of its accused tests under Patent L.R. 3-4(a)." Ex. 4 (2/12/2019 Email from J. Chung to A. Branch); Ranney Decl. ¶ 15. When Illumina did not timely serve a further production, Natera began updating its infringement contentions in view of Illumina's December 18, 2018 supplemental production. Ranney Decl. ¶ 16.

On January 30, 2019, the Court issued its Claim Construction Order, construing two terms of Natera's '592 patent, as follows. Dkt. 81.

| Term | Natera's Proposal | Illumina's Proposal | Court's Construction |
| --- | --- | --- | --- |
| "at least 100 loci on the chromosome or chromosome segment of interest in the individual" | No construction necessary | at least 100 loci on the chromosome or chromosome segment of interest from only the individual | at least 100 loci on the chromosome or chromosome segment of interest from only the individual |
| "genetic data for some or all possible alleles" | genetic data for some or all possible alternative forms of a given locus | data showing the identities of particular bases at specific loci so as to reveal genotype of the individual for some or all possible alternative forms of the loci | genetic data for some or all possible base pairs at a given locus |

As shown in the above chart, the Court adopted Illumina's proposed constructions for one term, and adopted a variation of Natera's proposed construction for the other term. Natera has amended its infringement contentions in order to clarify its infringement positions in view of the Court's constructions for these terms. Natera also has amended its contentions to reflect additional information from documents produced in Illumina's December 18, 2018 supplemental production. In the parties' February 19, 2019 Joint Case Management Conference Statement, Natera informed Illumina that "Natera intends to seek leave to amend its infringement contentions" with respect to the Court's construction of the "at least 100 loci on the chromosome or chromosome segment of interest in the individual" term. Dkt. 84 at 5, n.2.

On February 19, 2019, Illumina produced 3,701 documents related to the Accused Illumina Tests, totaling over 40,000 pages. Ranney Decl. ¶ 17. Natera is in the process of reviewing these documents. *Id.* Natera reserves the right to seek leave to further amend its infringement contentions in view of these new documents, which Natera has been seeking for over three months.

On February 23, 2019, Natera informed Illumina of its intent to amend its infringement contentions and served its proposed amended contentions on Illumina. Ex. 5; Ranney Decl. ¶ 18. On February 27, 2019, Illumina indicated that it would not oppose service of Natera's amended contentions so long as Natera would not oppose Illumina serving amended contentions, and stated that it would provide such contentions "shortly." Ex. 6 (2/27/2019 email from D. Walter to C. Ranney); Ranney

Decl. ¶ 19. On March 4, 2019, upon inquiry by Natera, Illumina stated that it would provide its amended contentions on March 5, 2019. Ex. 7 (3/4/2019 email from D. Walter to C. Ranney); Ranney Decl. ¶ 20. Illumina provided its amended contentions on March 5, 2019 at 11:05 pm PT. Ranney Decl. ¶ 21; Ex. 8 (3/5/2019 email from D. Walter to C. Ranney). The morning of March 6, 2019, Natera indicated to Illumina that it would not agree to the service of Illumina's amended contentions because there is no good cause for Illumina's amendments, and that it would proceed with the filing of this motion to amend. Ranney Decl. ¶ 22; Ex. 8 (3/6/2019 email from C. Ranney to D. Walter). As of the filing of this motion, Illumina has not yet indicated whether or not it will oppose service of Natera's amended contentions in the absence of Natera's agreement. Exs. 5–9; Ranney Decl. ¶ 23.

## III. LEGAL STANDARDS

"Amendment of the Infringement Contentions . . . may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3–6. The good cause inquiry "considers first whether the moving party was diligent in amending its contentions and then whether the non-moving party would suffer prejudice if the motion to amend were granted." *Acer, Inc. v. Tech. Props. Ltd.*, No. 08–cv–00882JF (HRL), 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366–68 (Fed. Cir. 2006)). "The burden is on the movant to establish diligence rather than on the opposing party to establish lack of diligence." *Karl Storz Endoscopy–America, Inc. v. Stryker Corp.*, No. C09–00355, 2011 WL 5574807, at *1 (N.D. Cal. Nov. 16, 2011) (quoting *O2 Micro*, 467 F.3d at 1366). "However, even if the movant was arguably not diligent, the court retains discretion to grant leave to amend." *Linex Techs., Inc. v. Hewlett–Packard Co.*, No. C13–159 CW, 2013 WL 5955548, at *1 (N.D. Cal. Nov. 6, 2013); *see also Apple Inc. v. Samsung Electronics Co.*, No. CV 12–00630 LHK, 2012 WL 5632618 (N.D. Cal. Nov. 15, 2012).

## IV. ARGUMENT

### A. There is Good Cause to Amend Natera's Contentions

Amendments to a patentee's infringement contentions may be made by order of the Court upon a timely showing of good cause. Patent L.R. 3-6. According to Patent L.R. 3-6, one example of "circumstances that may, absent undue prejudice to the non-moving party, support a finding of good

cause include[s]: (a) *A claim construction by the court different from that proposed by the party seeking amendment*." *Id.* (emphasis added).

Here, the Court adopted a construction of "at least 100 loci on the chromosome or chromosome segment of interest in the individual" rather than agree with Natera's proposal that no construction was necessary. Dkt. 81 at 15. The Court also adopted a construction of "genetic data for some or all possible alleles" that was different from both parties' proposed constructions. *Id.* at 12. After the Court's *Markman* order, Natera diligently began to amend its infringement contentions, and timely informed Illumina that it would seek to amend its infringement contentions in view of the Court's claim construction for the "in the individual" term. Dkt. 84 at 5, n.2. This constitutes good cause for Natera to amend its infringement contentions. *See* Patent L.R. 3-6(a); *see, e.g.*, *Personalweb*, 2016 WL 3519292, at *2 (granting plaintiff's motion to amend after the court provided claim construction different than that proposed by the plaintiff); *Tech. Props. Ltd. LLC v. Canon Inc.*, No. 14-cv-3640, 2016 WL 1360756, at *4 (N.D. Cal. Apr. 6, 2016) (applying Patent L.R. 3-6) (granting a motion for leave to amend infringement contentions in light of the court's claim construction different from that proposed by either party).

Furthermore, as discussed above, after Natera served its initial infringement contentions, Illumina produced 196 additional documents, totaling 5340 pages, containing technical information about the Illumina Accused Tests. After Illumina's supplemental production, while continuing to confer with Illumina regarding the deficiencies in its production, Natera began reviewing the production and updating its infringement contentions. The new information learned from Illumina's supplemental production, coupled with Natera's diligence in amending its contentions following that production, also constitutes good cause for Natera's amendments. *Delphix*, 2015 WL 5693722, at *2 (granting motion to amend infringement contentions where amendments are were based on information learned from plaintiff's productions of confidential technical information and source code); *Radware*, 2014 WL 1350230, at *3 (granting motion to amend infringement contentions, stating that "the Court has no trouble believing that the subsequent production of source code could have, and in this case did, shed new light on information previously possessed").

**B. There is No Undue Prejudice to Illumina**

Natera's amendments are narrowly tailored to address the Court's constructions and Illumina's supplemental production. For example, Natera amended its contentions for the claim element containing the "at least 100 loci on the chromosome or chromosome segment of interest in the individual" term to clarify that fetal DNA fragments are physically separated and sequenced separately from maternal DNA on the flow cell of Illumina's high throughput sequencing platform. *See, e.g.*, Ex. 1, Appendix A at 2. Natera also made clear that the Accused Illumina Tests use high throughput sequencing to measure genetic material and produce genetic data for some or all possible base pairs at a given locus. *Id.* at 1. Natera also amended its contentions for a number of claim elements with additional information from Illumina's supplemental production. *See generally id.* Finally, Natera amended its disclosure under L.R. 3.1(g) to clarify that in addition to Panorama™ Natera Prenatal Screen, Spectrum preimplantation genetic screening also practices certain Asserted Claims of the '592 Patent. Ex. 1 at 3.

Natera's narrowly tailored amendments will not unfairly prejudice Illumina. Natera promptly informed Illumina that it would seek leave to amend its contentions in the Joint Case Management Conference Statement. Illumina will have ample time to respond to Natera's amendments and take additional discovery. The fact discovery cut-off is over five months away (August 9, 2019). Dkt. 86. Under these facts, there is no prejudice to Illumina whatsoever. *See Tech. Props.*, 2016 WL 1360756, at *5 (finding no undue prejudice because expert discovery was open for over two more months and trial was over ten months away); *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv-2226, 2013 WL 322556, at *3 (N.D. Cal. Jan. 28, 2013) (granting leave to amend where new issues were first discovered two months after the court's claim construction order and well before the close of discovery).

**IV. CONCLUSION**

For the reasons stated above, there is good cause for Natera's proposed amendment under Patent L.R. 3-6, and there will be no undue prejudice to Illumina. Accordingly, Natera respectfully requests that the Court issue an order granting Natera leave to amend its infringement contentions.

Date: March 6, 2019

Respectfully submitted,

By: */s/ Tracey B. Davies*

Tracey B. Davies (*pro hac vice*)
*tdavies@gibsondunn.com*
Mark Reiter (*pro hac vice*)
*mreiter@gibsondunn.com*
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant/Counterclaim-Plaintiff
NATERA, INC.

**CERTIFICATE OF SERVICE**

I, Tracey B. Davies, hereby certify that on March 6, 2019, I did cause to be electronically filed the foregoing document with the Clerk of the Court via CM/ECF. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing systems.

Dated: March 6, 2019

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Tracey B. Davies*

8

NATERA'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS

CASE NO. 3:18-CV-01662-SI