UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NATERA, INC.,<br><br>    Defendant. | Case No. 18-cv-01662-SI<br><br>**ORDER RE THE PARTIES' MOTIONS TO AMEND INVALIDITY AND INFRINGEMENT CONTENTIONS AND ILLUMINA'S MOTION TO PRECLUDE PURSUANT TO FRCP 37**<br><br>Re: Dkt. Nos. 87, 91, 92, 97, 98, 104, 110, 117 |

Having considered the papers submitted and arguments made during the May 10, 2019 hearing, the Court hereby (1) GRANTS Natera's motion to amend its infringement contentions (Dkt. No. 87); (2) GRANTS Natera's motion to amend its invalidity contentions (Dkt. No. 97); (3) GRANTS Illumina's motion to amend its infringement and invalidity contentions (Dkt. No. 91); and DENIES Illumina's motion pursuant to FRCP 37 to preclude Natera from relying on allegedly withheld non-infringement theories and documents (Dkt. No. 91).[1]

**I.    Natera's Motion to Amend Infringement Contentions**

Pursuant to Patent Local Rule 3-6, one example of "circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause [to amend] include[s]: (a) A claim construction by the court different from that proposed by the party seeking amendment." Natera's proposed amended infringement contentions are reasonable – they add detail to previously disclosed infringement theories in light of the Court's claim construction order.  Dkt. No. 87 at 1

---

[1] The Court also grants the parties' motions to file under seal (Dkt. Nos. 91, 97, 104, 110, and 117) as well as Natera's motion to remove an incorrectly filed document (Dkt. No. 103).

1  (Natera's Motion to Amend Infringement). Further, after Natera filed its initial infringement
2  contentions, Illumina produced documents regarding the operations of Illumina's accused products
3  – some of which were produced as recently as December 2018. Dkt. No. 87 at 3 (Natera's Motion
4  to Amend Infringement).

5      Illumina argues amendment is improper because it is untimely – Natera should have known
6  the Court would not adopt its proposed claim constructions and therefore should have made these
7  amendments earlier. Dkt. No. 95 at 4-6 (Illumina's Opposition). Illumina also argues the
8  amendments are based purely on public documents available when Natera first drafted its
9  infringement contentions. *Id*. at 7-8. The Court is not persuaded by either of these arguments.

10      Natera's motion to amend its infringement contentions is GRANTED.

11

12  **II.   Natera's Motion to Amend Invalidity Contentions**

13      Natera seeks to amend its invalidity contentions based on documents and information it
14  received from third party subpoenas. Dkt. No. 97-4 at 1 (Natera's Motion to Amend Invalidity).

15      Illumina argues the amendments are based on public documents that were available when
16  Natera drafted its original invalidity contentions and are therefore untimely. Dkt. No. 115-4 at 1
17  (Illumina's Opposition).

18      Natera argues that while some of the documents may have been publicly available, it did not
19  know where or how to locate them, and that many of its amendments are based on non-public
20  documents, such as lab notes, internal presentations, and product manuals. Dkt. No. 120 at 7.

21      A comparison of Natera's original invalidity contentions with its amended contentions
22  shows the amendments are not extensive and do not seem to put forth new invalidity theories –
23  rather, the amendments bolster existing theories. As such, Natera's motion to amend its invalidity
24  contentions is GRANTED.

25

26  **III.  Illumina's Motion to Amend Invalidity Contentions**

27      Natera does not oppose Illumina's request so long as Natera can amend its infringement
28  contentions. Dkt. No. 110-11 at 25 ("…Natera informed Illumina that it would not oppose

1   Illumina's amended invalidity contentions … if Illumina would not oppose Natera's amended
2   infringement contentions … Natera stands by that representation."). The Court has granted Natera's
3   motion to amend infringement contentions. Therefore, Illumina's motion to amend its invalidity
4   contentions is unopposed and its motion is hereby <u>GRANTED</u>.

### IV. Illumina's Motion to Amend Infringement Contentions

In December 2016, Illumina informed Natera that Natera's Panorama Prenatal Test infringed Illumina's '831 patent. In May 2017, prior to the lawsuit being filed, Illumina sent Natera an infringement claim chart and Natera immediately forwarded the claim chart, and various other Natera documents, to its opinion counsel. Two opinions[2] were drafted, also prior to the lawsuit being filed, that discuss various non-infringement positions. Specifically, the opinions discuss non-infringement theories regarding: (1) clonal amplification as the third step of claims 1 or 14 of the '831 patent, and (2) universal amplification as the first step of claim 14 of the '831 patent. In March 2018, the same chart that was previously provided to Natera (and Natera's opinion counsel) was filed with Illumina's complaint. Dkt. No. 1-6 (Exhibit 6 to Illumina's Complaint). The documents provided to Natera's opinion counsel and the theories put forth by opinion counsel were not disclosed to Illumina until March 1, 2019, the deadline to produce counsel opinions. Dkt. No. 91-4 at 7 (Illumina's Motion).

Illumina seeks to amend its infringement contentions based on the newly received Natera documents that were given to Natera's opinion counsel. The proposed amendments allegedly bolster Illumina's infringement contentions regarding clonal amplification and universal amplification. Illumina justifies its timing by arguing that Natera did not disclose *any* non-infringement positions in its July 23, 2018 response to special interrogatories requesting all of Natera's non-infringement positions, and that the documents Natera produced to its outside opinion counsel should have been produced earlier in this case. *Id.* at 7.

---

[2] Specifically, the opinions are referred to as the MannyV and the Jackson-Walker opinions by the parties. See Dkt. Nos. 91-11 (MannyV Opinion) and 91-15 (Jackson-Walker Opinion).

1  Natera opposes Illumina's request to amend infringement contentions as improperly
2  introducing new infringement theories. First, Natera argues that Illumina has never accused clonal
3  amplification or universal amplification prior to the instant requested amendments. Rather, Natera
4  argues that Illumina's early claim charts referred to an obsolete version of Natera's Panorama test.
5  Dkt. No. 110-11 at 1 (Natera's Opposition). Because of this, Natera argues its opinion counsel were
6  merely *speculating* about what Illumina *might argue* with respect to the current version of the
7  Panorama test.[3] Dkt. No. 110-11 at 3 (Natera's Opposition). In its responses to interrogatories,
8  Natera explained to Illumina that Illumina seemed to be making claims based on an obsolete test
9  and therefore, Natera argues, the onus was on Illumina to follow up on information about the
10 operative Panorama version. Dkt. No. 110-11 at 1, 14 (Natera's Opposition). Natera concludes it
11 had no duty to disclose these non-infringement theories because Illumina had not made infringement
12 allegations regarding clonal or universal amplification. *Id*. at 14, 16.

13 Second, Natera argues that based on the documents it produced to Illumina in August 2018,
14 Illumina could have gleaned the same information contained in the documents Natera gave to its
15 opinion counsel. Because Illumina could have deduced the same information, and therefore the
16 same infringement theories, from the documents produced in August 2018, Natera argues Illumina's
17 instant request is untimely. Dkt. No. 110-11 at 16-17.

18 While Illumina could have been more diligent in following up on Natera's interrogatory
19 responses, Natera is not prejudiced by Illumina amending its infringement contentions. Therefore,
20 Illumina's motion to amend its infringement contentions is GRANTED.

---

[3] Illumina counters this argument by pointing to a much debated footnote in the Jackson Walker opinion that reads:

> Note: After delivery of the oral opinion to Natera reflected herein on January 16, 2017, Natera received an allegation from the patent holder. Illumina. charting a version of Natera's Panorama NIPT methods onto claims 1 and 14 of the '831 patent. Illumina's charts appear to have charted version 1 of the Panorama NIPT methods, which was not in use after the issuance of the '831 patent. ***Based on these charts, Illumina appears to be accusing the clonal (fourth) amplification step of Natera's Panorama NIPT methods of fulfilling the third amplification step of claims 1 and 14***.

Dkt. No. 91-15 at 21 (emphasis added). Illumina argues this footnote establishes that Natera was on notice that Illumina was alleging infringement of the clonal amplification step.

**V.     Illumina's Motion to Preclude Undisclosed Non-Infringement Positions Pursuant to FRCP 37**

Illumina seeks to base its amended infringement contentions on various documents produced by Natera and seeks this Court to simultaneously preclude Natera from relying on those same documents and non-infringement theories derived therefrom.

Illumina will not be prejudiced by Natera using these documents and non-infringement theories. Illumina's motion to preclude pursuant to FRCP 37 is DENIED.

**IT IS SO ORDERED**.

Dated: May 10, 2019

SUSAN ILLSTON
United States District Judge