UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC., <br>     Plaintiff, <br> v. <br> NATERA, INC., <br>     Defendant. | Case No. 18-cv-01662-SI <br><br> **ORDER LETTERS NOS. 2 RE JOINT DISCOVERY DISPUTE -4** <br> Re: Dkt. Nos. 132, 134, 135, 135-3 |

On June 28, 2019, July 2, 2019, and July 3, 2019 the parties filed their second, third, and fourth joint discovery dispute letters, respectively. The parties are cautioned that, in the future, if they object to discovery requests as burdensome, overbroad, or not reasonably tailored, the parties should provide the Court with specific information in support of their objections.

**I.     June 28, 2019 Letter**

In the June 28, 2019 letter, Illumina argues Natera has failed to produce sufficient documents in response to Illumina's requests in some instances, and, for other requests, Natera has failed to provide any documents whatsoever. Dkt. No. 132. To date, Natera has produced fewer than 1,000 documents – many of which, Illumina argues, are publicly available. *Id*. at 1.

As to its Local Rule 3-2 production, Natera argues no dispute exists because it has already produced everything. *Id*. at 3. With respect to its FRCP 34 production, Natera states that "since June 11, Natera has searched for and begun" producing documents but argues "Illumina's requests are extremely broad and seek irrelevant documents." *Id*. at 4.

By **August 1, 2019**, Natera **shall** produce all the documents it agreed to search for and produce based on the parties' June 11 meet-and confer-call. Also, in the June 28, 2019 letter, Natera

represented that it would produce various categories of documents including (1) marketing and promotional documents, (2) projected sales information, (3) documents showing the total number of units of Natera's accused products sold as well as sales price; (4) license agreements relating to Natera's accused Panorama test or the '592 patent; and (5) prior art to Natera's '592 patent. Dkt. No. 132 at 4. All documents within these categories must be produced by August 1, 2019.

On August 1, 2019, Natera shall also provide Illumina an accounting specifying which requests, if any, it is refusing to provide documents for and/or how it has limited its production (e.g. – producing a smaller date range than requested, etc). The accounting shall also specify which documents are responsive to which requests (e.g. – bates range XX – YY is responsive to request number 1).

## II.     July 2, 2019 Letter

In the July 2, 2019 letter, Natera argues that Illumina's voluminous document production is largely non-responsive, and, despite the volume, is deficient. Dkt. No. 134. Natera argues that Illumina has made no production whatsoever with respect to requests number 19, 22, 23, 27-30, 33, 34, 41-44, 48-51, 55, 56, 58, 59, 64, 65, 67, 72, 80-82. *Id*. at 3.

Illumina argues its production is sufficient and on-going and that it has produced at least some documents with respect to requests number 19, 22, 23, 27, 28, 29, 33, 34, 41-44, 48-51, 56, 58, 59, 67, 72, 81, 82. *Id*. at 3-4. Then, presumably, Illumina has not made any production whatsoever with respect to at least requests 28, 29, 30, 55, and 80 – if not more. Illumina states that its production is "not yet complete" and that it "may conduct additional searches to determine its production is complete ... in categories such as projected future sales." Dkt. No 134 at 5.

By **August 1, 2019**, Illumina **shall** conduct the additional searches it references in the July 2, 2019 letter and produce all documents located based on those searches. Illumina shall also produce all documents it represented it would produce during the parties' June 14, 2019 meet-and-confer.

On August 1, 2019, Illumina shall also provide Natera an accounting specifying which requests, if any, it is refusing to provide documents for and/or how it has limited its production (e.g.

– producing a smaller date range than requested, etc.). The accounting shall also specify which documents are responsive to which requests (e.g. – bates range XX – YY is responsive to request number 1).

### III.   July 3, 2019 Letter[1]

In the July 3, 2019 letter, Natera argues Illumina must produce the current version of its source code and records reflecting updates or changes made to the source from March 25, 2014 to present. Dkt. No. 135-3.

Illumina argues that it has produced documents sufficient to show the operation of the accused products rendering production of the source code superfluous. *Id*. at 4. Illumina further argues that producing its source code is burdensome and the request is not reasonably tailored – seeking 5 years' worth of code. *Id*. at 5.

By **July 30, 2019**, Illumina **shall** make available for Natera to review pursuant to the parties' Protective Order (Dkt. No. 59) the source code as it existed on the following dates only:

-On or about March 25, 2014 (start of the period of alleged infringement)

-On or about March 16, 2018 (the day Illumina filed the instant action)

-On or about July 3, 2019 (present day)

**IT IS SO ORDERED**.

Dated: July 11, 2019

SUSAN ILLSTON
United States District Judge

---

[1] The parties' joint administrative motion to file the July 3, 2019 joint discovery dispute letter under seal is GRANTED.