UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NATERA, INC.,<br><br>    Defendant. | Case No. 18-cv-01662-SI<br><br>**ORDER RE JOINT DISCOVERY DISPUTE LETTER NO. 5**<br>Re: Dkt. No. 152 |

On September 23, 2019, the parties filed their fifth discovery dispute letter regarding Natera's special interrogatory asking Illumina for information about the inventiveness of its '831 patent. This order follows.

On May 17, 2018, Natera filed a motion to dismiss Illumina's complaint, arguing that Illumina's asserted '831 patent was ineligible under *Alice*/§101. Dkt. No. 24. In its June 26, 2018 order denying the motion to dismiss, the Court concluded Ilumina's '831 patent is directed towards a patent ineligible concept – namely, a natural phenomenon. The Court then had to determine if the '831 patent included an inventive concept, thus saving it from ineligibility. The Court found "the factual record [was] not sufficient … to conclude whether there [was] an inventive concept," and on that basis denied the motion "without prejudice to renew on a fuller record." Dkt. No. 41 at 7.

The parties' instant dispute arises from Natera's special interrogatory ("SROG") number 18, requesting Illumina to "[d]escribe in detail all factual bases and identify all supporting documents for any contention [] that the claims of the '831 Patent contain an inventive concept sufficient for patent eligibility under 35 U.S.C. § 101[.]" Dkt. No. 152-1 at 8. Illumina's response to SROG 18 states: (1) Natera has failed to make a prima facie claim for invalidity under § 101, presumably because the Court denied Natera's motion to dismiss on § 101 grounds; (2) directs Natera to the

arguments Illumina made in opposition to the motion to dismiss (Dkt. No. 32); and (3) directs Natera to the USPTO Appeal Board's decision denying *inter partes* review. Dkt. No. 152-1 at 8.

The Court's June 26, 2018 order makes clear that inventiveness is a fact issue of significant importance for discovery. Natera's request is narrowly tailored and properly directed to the exact issue framed by the Court and it is entitled to a comprehensive response. Therefore, the Court orders that if Illumina wishes to supplement its response to SRGO 18, it must do so on or before October 14, 2019 with any non-expert information. Absent a showing of good cause, Illumina will not be able to use any evidence in support of its inventiveness argument beyond what is included in its response to SROG 18, disclosed through its experts or provided by depositions of fact witnesses first deposed after October 14, 2019..

**IT IS SO ORDERED**.

Dated: October 4, 2019

SUSAN ILLSTON
United States District Judge