UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NATERA, INC.,<br><br>    Defendant. | Case No. 18-cv-01662-SI<br><br>**ORDER RE SEVENTH AND EIGHTH DISCOVERY DISPUTE LETTERS**<br><br>Re: Dkt. No. 177 |

**Having reviewed the parties' discovery dispute letters, the Court hereby orders the following:**

**1.** **Illumina's 30(b)(6) Deponent and Privileged Document:** The Court orders Illumina to produce the entire document that refreshed its 30(b)(6) deponent's recollection because the witness was provided the document during deposition preparation and he directly drew upon it during his testimony. See Dkt. No. 177-3 at 3[1]. Illumina produced a redacted version of the document, revealing only portions regarding patent invalidity. This was improper and failed to comply with the Court's previous order. Dkt. No. 173.

Illumina relies on two cases in support of its position that it need only produce certain parts of the document in question. Those cases both involve deponents reviewing files **while** testifying. In *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, a witness brought a timeline into a

---

[1] Natera argues that "Illumina has never suggested that he reviewed anything less than the entire document." Dkt. No. 177-3 at 3.

deposition, which he used to refresh his memory on two occasions. *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, No. 12cv2079-GPC(KSC), 2014 U.S. Dist. LEXIS 199539, at *13 (S.D. Cal. May 16, 2014). The court only required disclosure of those sections read during the deposition. *Id.* at *19. Here, Illumina's witness did not read portions of a document during his deposition but reviewed the entire document beforehand.

Similarly, in *S & A Painting Co. v. O.W.B. Corp.*, the court limited production to sections of notes read during a deposition. *S & A Painting Co. v. O.W.B. Corp.*, 103 F.R.D. 407, 408 (W.D. Pa. 1984). That is not the case here. Because "broad disclosure has been ordered when deponents review entire files prior to testifying," Illumina must produce the entire email its deponent reviewed before his deposition. *Id.* at 409.

Illumina also argues the court in *Adidas Am., Inc. v. TRB Acquisitions Liab. Co.* applied a "middle-ground approach" to compel production of documents relied on by a 30(b)(6) witness. *Adidas Am., Inc. v. TRB Acquisitions Liab. Co.*, 324 F.R.D. 389, 399 (D. Or. 2017). The "middle-ground approach" involved application of the *Sporck* factors subject to rebuttable presumptions when certain elements were met. *Id.* Because this Court has already reached the conclusion that the *Sporck* factors support disclosure of the entire document, Illumina must produce the document without its redactions.

### 2. Illumina's Request to File Discovery Dispute Letters Under Seal:

On February 19, 2020, plaintiff filed an administrative motion to file under seal the Discovery Letter Regarding the Redacted Schwillinski document. Dkt. No. 177. In the administrative motion to seal, plaintiff moves to seal portions of the discovery letter because it "cites, quotes, and discusses material and testimony designated 'Outside Attorney's Eyes Only Information.'" *Id*. at 2. However, a party's designation of material as "confidential" is not enough to establish a basis for sealing. N.D. Cal. Civ. L.R. 79-5 (Civil Local Rule 79-5(d)(1)(A) provides that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."). Nothing in the joint discovery letter strikes the Court as particularly sensitive or

otherwise in need of protection from public viewing. The portions of Mr. Schwillinski's deposition quoted from do not discuss sensitive material – rather the testimony generally discusses Illumina's position that it does not infringe the '592 patent, which is hardly a secret. Dkt. No. 177-3 at 3-4.

Therefore, the Court DENIES the motion to seal.

**IT IS SO ORDERED.**

Dated: March 2, 2020

SUSAN ILLSTON
United States District Judge