UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATERA, INC., <br><br> Defendant. | Case No. 18-cv-01662-SI <br><br> **ORDER RE DISCOVERY DISPUTE** <br><br> Re: Dkt. No. 181 |

On March 23, 2020, the parties filed another discovery dispute letter - this is the third letter arguing over the production of a document, an email chain, used to refresh the recollection of Illumina's 30(b)(6) witness. Dkt. No. 181. The Court previously ordered Illumina to "produce the entire document that refreshed its 30(b)(6) deponent's recollection because the witness was provided the document during deposition preparation and he directly drew upon it during his testimony." Dkt. No. 179 at 1. Illumina produced the full email chain but refuses to produce attachments referenced in the same email chain arguing they are irrelevant because they were not used to prepare Illumina's 30(b)(6) witness. Dkt. No. 181 at 3-4. The Court agrees; if the attachments were not seen by the witness, then Illumina has complied with the Court's March 3, 2020 order and need not produce the attachments mentioned in the email chain.

Natera also raises concerns regarding Illumina's privilege and redaction log. Dkt. No. 181 at 2-3. The two versions of the email chain, as displayed by Natera in the discovery dispute letter is, at best, perplexing. Dkt. No. 181 at 2. Unless it has already done so, Illumina shall update its privilege log to fully and adequately represent which documents it is withholding and on what basis. Illumina shall also certify that all necessary documents have been produced or are otherwise included on Illumina's privilege log.

**IT IS SO ORDERED**.

Dated: March 27, 2020

_____

SUSAN ILLSTON
United States District Judge