*[Counsel listed in signature block]*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ILLUMINA, INC., <br><br> Plaintiff/<br>Counterclaim-Defendant, <br><br> v. <br><br> NATERA, INC., <br><br> Defendant/<br>Counterclaim-Plaintiff. | Case No. 3:18-CV-01662-SI <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> CMC Date: April 13, 2020 <br> Time: 1:30 p.m. <br> Judge: Hon. Susan Illston |

Pursuant to the Court's Notice (Dkt. No. 185), plaintiff/counterclaim-defendant Illumina, Inc. ("Illumina") and defendant/counterclaim-plaintiff Natera, Inc. ("Natera") (collectively, the "Parties") together submit this Joint Case Management Conference Statement in advance of the telephonic Case Management Conference scheduled for **April 13, 2020** at **1:30 p.m**.

**I.     CASE STATUS**

    **A.     Brief Description of Facts and Events Underlying the Action**

*U.S. Patent No. 9,493,831:* Illumina brought this action against Natera, accusing Natera's Panorama Prenatal Test of infringing U.S. Patent No. 9,493,831 (the "'831 Patent"), entitled "Methods of Fetal Abnormality Detection." *See* Dkt. No. 1. Natera's Panorama product is a prenatal test based on the use of cell free fetal DNA that tests for fetal genetic disorders. *See id.* Illumina contends that Natera's infringement has been willful and seeks all available remedies, including damages and a permanent injunction. *See id.*

Natera denies that any of its accused products, including its Panorama Prenatal Test, infringe the asserted claims of Illumina's '831 Patent. *See* Dkt. No. 61. Natera has asserted counterclaims of non-infringement and invalidity, as well as affirmative defenses, including that the asserted claims are invalid and/or unenforceable for one or more reasons, including for failure to meet one or more of the requirements under 35 U.S.C. §§ 101, 102, 103, and 112. *See id.* Natera contends that it has not willfully infringed, and does not willfully infringe, the asserted claims. *See id.* Natera also contends that Illumina's claims are barred or limited under principles of equity. *See id.* Finally, Natera contends that Illumina is not entitled to any damages or injunctive relief. *See id.*

*U.S. Patent No. 8,682,592:* Natera filed a counterclaim against Illumina, accusing Illumina's Verifi®, Verifi® Plus, VeriSeq™ PGS, VeriSeq™ NIPT of infringing U.S. Patent No. 8,682,592 (the "'592 Patent"), entitled "System and Method for Cleaning Noisy Genetic Data from Target Individuals Using Genetic Data from Genetically Related Individuals." *See* Dkt. No. 61. Illumina's Verifi® and VeriSeq™ products test for chromosomal abnormalities, such as aneuploidy, using genetic material collected from a single cell or cells from an embryonic biopsy or cell free fetal DNA found in maternal blood. Natera asserts that Illumina's infringement has been willful and deliberate, and seeks all available remedies, including damages and a permanent injunction. *See id.*

Illumina denies that any of its accused products, including its Verifi® and VeriSeq™ products, infringe the asserted claims of Natera's '592 Patent. *See* Dkt. No. 63. Illumina asserts that it has not infringed and is not infringing, directly, indirectly, contributorily, by inducement, or in any other manner, either literally or by the doctrine of equivalents. *See id.* Illumina has also asserted various defenses, including that the '592 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112. *See id.* Finally, Illumina asserts that Natera may not claim or recover any relief. *See id.*

### B. Summary Judgment Status

The parties filed summary judgment motions on April 7. Natera has moved for summary judgment that (1) the '831 Patent is invalid under 35 U.S.C. §101; (2) the '831 Patent is separately invalid for lack of enablement; (3) Natera does not infringe the '831 Patent; and (4) for certain damages limitations based on partial unenforceability. Illumina has moved for summary judgment that (1) the '592 Patent is invalid under 35 U.S.C. §101; and (2) Illumina does not infringe the '592 Patent.

### C. Case Schedule

On February 18, 2020, the parties received a Clerk's Notice advancing the previously scheduled pretrial and trial. Dkt. No. 176. The Notice advanced the trial date by two weeks, from July 7th to June 22nd.

On March 30, 2020, the parties received a Clerk's Notice setting a telephonic Further Case Management Conference. Dkt. No. 185. The notice indicated that all "previously set deadlines shall remain in effect." *Id.*

The current case schedule is below, taking into account the advanced trial date:

| Event | Deadline |
| --- | --- |
| Dispositive Motions | April 7, 2020 |
| Oppositions to Dispositive Motions | April 21, 2020 |
| Reply in Support of Dispositive Motions | April 28, 2020 |
| Hearing on Dispositive Motions | No later than May 12, 2020 |

| | |
|---|---|
| Pretrial Statement and Motions in Limine | May 13, 2020 |
| Responses to Motions in Limine | May 20, 2020 |
| Pretrial Conference | May 27, 2020 at 3:30 pm |
| Trial | June 22, 2020 at 8:30 am |

Dkt. No. 130; Dkt. No. 176.

### Illumina's Position

Illumina respectfully requests that the trial date be rescheduled for the August or September 2020 time frame. With trial approaching and the global pandemic ongoing, the case schedule warrants attention and restructuring.

Notwithstanding the coronavirus pandemic, the June 22 trial date set by the Court *sua sponte* on February 18, *see* Dkt. No. 176, presents significant scheduling concerns for Illumina. Lead counsel for Illumina has a previously scheduled trial beginning June 8 in the District of Delaware, and anticipates that this trial could possibly extend through June 22. The trial date in the Delaware case was set more than a year ago, and it is the *client* Guardant not its attorneys that decides whether it wants to maintain that date. Guardant, not its attorneys, requested that the June 8 date be maintained. On March 30, the Delaware judge confirmed that the Delaware trial remains on calendar. The Delaware case is not situated anything like the present matter. Summary judgment briefing with full expert discovery was completed in the Delaware case long ago. By contrast, in the present matter, significant expert discovery and summary judgment briefing is still outstanding, with the potential for additional briefing to be necessary. Additionally, the Delaware case will not be just a 5-day trial, despite Natera's implications below. While five days was the time estimate when the case was originally filed, circumstances have changed. The Delaware case involves four patents plus antitrust issues. As a data point, counsel for Illumina completed a trial before the same judge in Delaware just three weeks ago, which involved four patents and no antitrust claims; the judge extended the length of that trial beyond the originally scheduled five days.

Natera also references a status report filed in the Delaware case, but that statement was filed long before the coronavirus pandemic and long before it led to Natera's cancellation of the

1   depositions of its experts. As it stands, there are four Natera depositions that need to take place. While Natera self-servingly contends that these expert depositions are not "critical," it affirmatively relies on its expert reports for its summary judgment motions. The depositions are vital and it would be unfair to deprive Illumina of those depositions. It is worth noting that Natera previously represented that it had conflicts with the June 22 trial date. *See* Ex. A (2/24/2020 K. Boyd email to E. Reines).

At the time the trial was rescheduled, the parties agreed to hold off contacting the Court regarding these conflicts until after the completion of a further settlement conference with Magistrate Corley, which was scheduled for March 16. Although the parties have added an additional settlement conference on April 14, settlement discussions have not yet succeeded.

In light of the above, Illumina respectfully requests the Court postpone the currently scheduled June 22nd trial date. Given the uncertain times and the demands on the Court, Illumina requests that the trial be rescheduled for the August or September 2020 time frame.

**Natera's Position**

Natera does not believe the trial June 22 date needs to be changed.

First, Illumina does not have a scheduling conflict. Based on Natera's review of PACER filings, the case that Illumina is referring to is *Guardant Health, Inc. v. Foundation Medicine, Inc.*, 17-cv-1616. Ed Reines and Derek Walter (along with many other Weil attorneys and another law firm) represent Guardant. According to a February 19, 2020 order from Judge Stark in that matter, "a jury trial will be held between June 8 and 12, 2020." *See* Ex. B. The Delaware trial is scheduled to end ten days before this trial is scheduled to start.

Moreover, any problem with timing is Illumina's own responsibility. On February 18, 2020, Guardant submitted a request to the Delaware court for that trial to be set in June. *See* Ex. C. This Court set the June 22 trial date on that same day. While it is not clear from the docket if the Guardant request was submitted earlier in the day than this Court's order, what is clear is that the docket reflects no filing from Weil (or co-counsel) updating the Delaware court about counsel's availability in June before that court set the June 8-12 trial. Furthermore, on March 24, 2020, Weil's co-counsel made another filing asking the Delaware court to maintain the June 8-12 trial date, and made no note

of this trial scheduled to begin on June 22.  *See* Ex. D.

Second, Natera's trial schedule conflicts (that it brought to Illumina's attention on February 24) have resolved or are resolvable.  The Natera expert witness with a conflict due to a family vacation no longer has that conflict, as the vacation has been cancelled.  The other Natera expert witness (Dr. Michael Metzker) is scheduled to testify in trial in this district, and that trial is scheduled to conclude June 26.  Natera proposes resolving this scheduling conflict with trial management.  Dr. Metzker is Natera's technical expert on the '831 patent.  He will present no testimony relevant to the '592 patent.  Natera proposes that the trial be structured to begin with the '592 patent, which would resolve Dr. Metzker's scheduling conflict.

Finally, it is reasonable to complete trial preparation in the more than two months remaining before the June trial date.  Rulings on the pending summary judgment motions may dramatically limit the scope of any necessary trial.  The only remaining expert depositions are of technical experts.  Because the complete opinions of experts are contained in their expert reports, these depositions are not critical.  Indeed, the parties had previously agreed that depositions of damages experts were unnecessary.  We can schedule these depositions (and the other pending fact deposition on Natera's opinion letter) before the June trial date, and have the depositions remotely (as is becoming common) if necessary.

### D. Alternative Dispute Resolution

The parties had a settlement conference with Magistrate Judge Corley in November, and have been working on a term sheet since then, exchanging many drafts and having multiple follow up communications.  The parties have another check-in call scheduled before Magistrate Judge Corley on April 14, 2020.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| | | WEIL, GOTSHAL & MANGES LLP |
| Dated: April 8, 2020 | By: | */s/ Derek C. Walter* |
| | | Derek C. Walter |

Edward R. Reines (Bar No. 135960)
edward.reines@weil.com
Derek C. Walter (Bar No. 246322)
derek.walter@weil.com
Amanda K. Branch (Bar No. 300860)
amanda.branch@weil.com
Christopher S. Lavin (Bar No. 301702)
christopher.lavin@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: 650.802.3000
Fax: 650.802.3100

Garland T. Stephens (*admitted – N.D. Cal.*)
garland.stephens@weil.com
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1700
Houston, TX 77002
Telephone: 713-546-5000
Fax: 713-224-9511

*Attorneys for Plaintiff/Counterclaim-Defendant*
ILLUMINA, INC.

| | | |
|---|---|---|
| | | TURNER BOYD LLP, LAW OFFICES OF SEAN M. BOYLE and SMITH BALUCH LLP |
| Dated: April 8, 2020 | By: | _/s/ Karen I. Boyd_<br>Karen I. Boyd |

Karen I. Boyd (Bar No. 189808)
boyd@turnerboyd.com
Jennifer Seraphine (Bar No. 245463)
seraphine@turnerboyd.com
Robert John Kent, Jr. (Bar No. 250905)
kent@turnerboyd.com
Keeley Irene Vega (Bar No. 259928)
vega@turnerboyd.com
Louis Lut Hin Wai (Bar No. 295089)
wai@turnerboyd.com
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, CA 94063
Telephone: 650-521-5930

Sean M. Boyle (Bar No. 238128)
boyle.s.m.law@gmail.com
LAW OFFICES OF SEAN M. BOYLE
1373 Dolomite Way
3000 El Camino Real
San Elijo, CA 92078
Telephone: 760-410-9421

Matthew A. Smith (Bar No. 308763)
smith@smithbaluch.com
SMITH BALUCH LLP
702 Marshall Street, Suite 640
Menlo Park, CA 94025
Telephone: 202-669-6207

*Attorneys for Defendant/Counterclaim-Plaintiff*
NATERA, INC.

## CERTIFICATION

I, Derek C. Walter, am the ECF User whose identification and password are being used to file this Joint Case Management Conference Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Karen I. Boyd has concurred in this filing.